UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:11-CV-546 |
| | § | |
| PCL CIVIL CONSTRUCTORS, INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

On December 28, 2012, Plaintiff Charles Graham filed a renewed motion to compel Defendant PCL Civil Constructors, Inc. to answer his interrogatories. This motion is the sequel to Graham's first motion to compel, which the Court ruled on during a telephone conference on October 23, 2012. Graham's renewed motion to compel has been briefed and is now **DENIED** for the reasons explained below.

### I.  BACKGROUND

Graham sent PCL a set of 20 interrogatories as part of his discovery into the incident underlying this lawsuit, an allision between one of PCL's barges and Graham's fishing vessel. In part, Graham's interrogatories demand that PCL describe the sequence of events that took place during the incident and any investigations it subsequently conducted, and identify all individuals involved in the operation and maintenance of the barge and all

1

documents used in any investigations. After receiving PCL's initial responses, Graham moved to compel additional responses to 15 of his interrogatories.

The Court ruled on Graham's first motion at the October 23 telephone conference by sustaining in part and overruling in part PCL's objections, ordering PCL to respond as stated on the record, and postponing a ruling on PCL's defense of work product privilege pending briefing on that issue. However, PCL did not submit any briefing on the work product issue, and has therefore waived that defense. After receiving supplemental responses from PCL, Graham moved to compel responses to 11 of the 15 interrogatories at issue in his original motion.

## II. RESOLUTION

At the October 23 telephone conference, the Court made clear that PCL's obligation to respond to Graham's interrogatories was generally limited to providing Graham with its version of the events that transpired, the identities and positions of the employees and other persons involved with the barge's operation and maintenance during and prior to the incident, and descriptions of its policies and procedures for mooring barges. The Court also made clear that, once PCL provided Graham with this information, it

expected Graham to pursue further discovery by deposing the relevant persons and not by demanding more detailed answers to his interrogatories.

After examining Graham's interrogatories and PCL's supplemental responses, *see generally* Docket Entry No. 24, the Court concludes that PCL has answered Graham's interrogatories as instructed by this Court's prior ruling.  Moreover, although PCL waived its work product privilege defense by failing to brief that issue as instructed by the Court, PCL states that all documents and information that may exist regarding investigations into the incident underlying this suit are in the possession of its insurance carrier.  If Graham wishes to identify or obtain those documents, he can serve discovery requests on PCL's insurance carrier.  Otherwise, if Graham wishes to learn more about the incident, he may depose the persons who possess the relevant facts—the employees and persons whom PCL identified in its supplemental responses.  Regardless of how he chooses to proceed, Graham should do so promptly; the discovery deadline has already been extended once, and the docket call date of February 19 is fast approaching.

## III.  CONCLUSION

For the reasons given above, Plaintiff's Motion to Compel Discovery and Extend Discovery Deadlines (Docket Entry No. 22) is **DENIED**.  The previously extended discovery deadline of January 30, 2012, is to remain in effect.

**IT IS SO ORDERED**.

**SIGNED** this 8th day of January, 2013.

_____
Gregg Costa
United States District Judge